UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILIP CHARVAT, Individually, and
On Behalf of All Others Similarly
Situated,

                    JURY TRIAL DEMANDED

       *Plaintiff,*

v.                                     Case No.

E-TELEQUOTE AND CASUALTY
COMPANY,

       *Defendant,*

## CLASS ACTION COMPLAINT

Plaintiff, Philip Charvat, ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices against defendant E-Telequote Insurance, Inc., (herein after "Defendant" or "E-Telequote"). *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

### SUMMARY OF THE CASE

1. In violation of the TCPA, Defendant placed multiple telemarketing calls to a number Plaintiff registered on the National Do Not Call Registry.

2. Plaintiff never consented to receive these calls.

3. Because telemarketing campaigns result in calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of E-Telequote.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff, Philip Charvat, is a resident of this Ohio. During the class period, Plaintiff was subject to Defendant's illegal business practices.

6. Defendant, E-Telequote Insurance, Inc., is a company headquartered in Clearwater, Florida that offers a Medicare health insurance options, and engages in telemarketing to do so.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) members of the class of Plaintiffs are citizens of a State different from the Defendant; and (3) the number of members of all proposed Plaintiffs in the class, in the aggregate, is greater than 100.

9. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

10. The Court has personal jurisdiction over Defendant because a substantial portion of the wrongdoings alleged herein occurred in Florida. Defendant also has sufficient minimum contacts with Florida, and has otherwise intentionally availed itself of the markets in Florida through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11. Venue is proper in this District pursuant to 28 U.S.C. § 139(b)(2) and (3) because a substantial part of the events or omissions giving rise to these claims occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendant is subject to the Court's personal jurisdiction with respect to this action

## FACT RELEVANT TO ALL CLAIMS

**TCPA Background**

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

***The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent***

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

15. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

16. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

***The TCPA imposes vicarious liability on third-parties who do not physically dial the calls***

17. Under the TCPA, a seller of a product or service may be vicariously liable for a third-party marketer's violations of Section 227(c), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did. *In re Joint Pet. filed by Dish Network, LLC*, FCC 13-54 ¶ 37, 2013 WL 193449 (May 9, 2013) ("FCC Ruling").

18. A seller is liable under Section 227(c) when it has authorized a telemarketer to market its goods or services. *Id.* ¶ 47.

19. Additionally, a seller may be vicariously liable for violations of those provisions under principles of apparent authority and ratification. Factors relevant to a finding of vicarious liability include:

    a. Whether "the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including . . . access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information."

        a. Whether the outside sales entity can "enter consumer information into the seller's sales or customer systems[.]"

        b. Whether the outside sales entity has "the authority to use the seller's trade name, trademark and service mark[.]";

  c. Whether "the seller approved, wrote or reviewed the outside entity's telemarketing scripts;" and

  d. "Whether the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct." *Id.* ¶ 46.

***E-Telequote places telemarketing calls to the Plaintiff***

20. The Plaintiff has previously placed his telephone number, (XXX) XXX-8940 on the National Do Not Call List, where it has been for more than two years.

21. On or about November 25, 2013 the Plaintiff received multiple telephone calls from telemarketing representatives calling from E-Telequote.

22. The callers informed the Plaintiff that they were calling from E-Telequote and informed him that they were calling to offer Medicare insurance and/or Medicare insurance services, and proceeded to attempt to offer the Plaintiff their goods and services.

23. The Plaintiff never consented in any fashion to these telephone calls, and had no business relationship with this entity.

24. Both of the calls were unwanted telemarketing solicitations.

25. Plaintiff is not a customer of Defendant and has not provided Defendant with his personal information or telephone number.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class:

> All persons nationwide who, within the Class Period, whose phone numbers had been registered on the Do Not all Registry for 31 days or longer, and who within the four years before the filing of the initial Complaint, received more than one telemarketing

call within any twelve-month period from, or on behalf of, the Defendant (the "Class").

27. The following persons are expressly excluded from the Class: (1) Defendant and their subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

28. This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

29. **Numerosity:** Based upon Defendant's publicly available phone records and phone number databases, it is estimated that the Class numbers is potentially in the hundreds of thousands, and the joinder of all Class members is impracticable.

30. **Common Questions Predominate:** The action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members. Thus, proof of a common set of facts will establish the right to each Class member to recover. Questions of law and fact common to each Class member include, for example:

   a. Whether E-Telequote violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

   b. Whether E-Telequote has any defense(s) to engaging in a telemarketing campaign to individuals on the National Do Not Call Registry;

   c. Whether the Plaintiff and class are entitled to statutory damages as a result of E-Telequote's actions.

31. **Typicality:** Plaintiff's claims are typical of the claims of the Class because Plaintiff was illegally solicited by the Defendant during the Class Period. Defendant's unlawful actions concern the same business practices described herein irrespective of where they occurred or were

experienced. The injuries of each member of the Class were caused directly by Defendant's wrongful conduct. In addition, the factual underpinning of Defendant's misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and a based on the same legal theories.

32. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class. Neither Plaintiff nor their counsel have any interests that conflict with or are antagonistic to the interests of the Class members. Plaintiff has retained highly competent and experienced class action attorneys to represent their interests and those of the members of the Class. Plaintiff and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiff and their counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharged those duties by vigorously seeking the maximum possible recovery for the Class.

33. **Superiority:** There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class members' rights and the disposition of their interests through actions to which they are not parties. Class Action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create. Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by

addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

34. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive or equitable relief with respect to the Class as a whole.

35. The prerequisites to maintaining a class action pursuant to Fed R. Civ. P. 23(b)(3) are met as questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

36. Plaintiff and their counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

37. Plaintiff is a member of the Class they seeks to represent. Plaintiff's claims are typical of the Class members' claims. Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff's claims are typical and representative of the Class.

38. There are no unique defenses which may be asserted against Plaintiff individually, as distinguished from the Class. The claims of Plaintiff are the same as those of the Class.

39. No conflicts of interest exist between Plaintiff and the other Class members. Plaintiff has retained counsel that is competent and experienced in complex class action litigation. Plaintiff and their counsel will fairly and adequately represent and protect the interests of the Class.

40. This class action is superior to any other method for the fair and efficient adjudication of this dispute.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE TCPA'S DO NOT CALL PROVISIONS

41. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 40 above as if fully set forth herein.

42. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

43. The Defendant's violations were negligent and/or knowing.

### COUNT II

### INJUNCTIVE RELIEF TO BAR FUTURE TCPA VIOLATIONS

44. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 40 above as if fully set forth herein.

45. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

46. The Plaintiff respectfully petitions this Court to order the Defendant and their employees, agents, and all other persons or entities working on their behalf to make these calls to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of their claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, pray for judgment against Defendant as follows:

A. For an order certifying this case as a Class Action and appointing Plaintiff and their counsel to represent the Class;

B. That the Court adjudge and decree that Defendant has engaged in the conduct alleged herein;

C. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

D. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

E. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

F. That the Plaintiff and all Class members be awarded statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing willful violation.

J. Awarding Plaintiff and the Classes punitive damages;

K. Awarding Plaintiff treble damages;

L. Awarding attorneys' fees and costs; and

M. Providing such further relief as may be just and proper.

Dated: August 6, 2014

Respectfully submitted,

Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325
**HOWARD & ASSOCIATES, P.A.**
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537
tim@howardjustice.com

Scott Carruthers
Florida Bar No.: 355690
Of Counsel, Howard & Associates, P.A.
HOWARD & ASSOCIATES, P.A.
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537
scarrutherslaw@gmail.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*